[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PREJUDGMENT REMEDY
This case comes to this court as a prejudgment remedy. The plaintiff seeks a prejudgment remedy in the amount of $75,000.00. The court finds the plaintiff has failed to establish probable cause that a judgment will be obtained in the amount sought in his favor.
The plaintiff's expert was unable to put a value on the defective CT Page 7553 work. The expert admitted that the equipment he chose, was without regard to the type of equipment in the original contract between the plaintiff and the defendant. In fact, he testified that he had never looked at the contract with the defendant.
It seems that two well-meaning people got off to a bad start when a check was given for $21,300.00 that was dishonored. The plaintiff claims that the defendant was to hold the check, and the defendant claims no such instruction.
After having received the check that was not good, the defendant claims that the third payment of $17,750.00 was due upon completion of the coping. He completed the coping. He demanded payment and billed the item and was not paid. Accordingly, he discontinued the work. The court does not find the defendant breached the contract.
The plaintiff has failed to establish what are his damages. The expert of the plaintiff, Mr. Cacciotti of Sanddollar Pools, never said that "for me to build the same pool it would cost the plaintiff X dollars more." The expert when asked directly, could not put a value on the defective work and did testify that the coping and the concrete shell were in fact completed.
I know what the expert charged the plaintiff, but I don't know the measure of damages. It is clear that the plaintiff built a pool with different equipment than was originally contracted for. It does appear the defendant did not complete the pool on the date set forth in the contract. Time was not of the essence and their explanation was concerning weather and other delays. The damages have not been quantified. The court is left to speculate as to damages which is an impermissible resolution by the court.
The court notes that in the original binding contract between the parties, Exhibit I, the contract, provides for arbitration. The provision is for arbitration under the Rules of the American Arbitration in accordance with the construction industry arbitration rules. This would seem to be a good forum for the parties to resolve their dispute quickly and economically.
Accordingly, the prejudgment remedy sought is denied.
 ___________________ KARAZIN, J.